IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| ANCIENT EGYPTIAN ARABIC ORDER NOBLES MYSTIC SHRINE OF NORTH AND SOUTH AMERICA AND ITS JURISDICTION, INC., *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action Number 3:09cv521 |
| MOST WORSHIPFUL PRINCE HALL GRAND LODGE OR VIRGINIA, FREE AND ACCEPTED MASONS, INC., *et al.*, | |
| Defendants. | |

**MEMORANDUM OPINION**

This matter is before the Court on the Defendants' motion to dismiss the action pursuant to Rules 12(b)(1), 12(b)(6), and 12(b)(7) of the Federal Rules of Civil Procedure. For the reasons set forth herein, the Court will grant the motion to dismiss pursuant to Rule 12(b)(1),[1] though not for the reasons advanced by the Defendants. Finding itself without jurisdiction over the subject matter of this case, the Court need not address the Defendants' various other alleged grounds for dismissal or the merits of the Plaintiffs' substantive claims. Given that neither the Plaintiffs nor the Defendants addressed the deficiencies in the Plaintiffs' Amended Complaint that serve as the basis for the Court's decision to dismiss, the Court dispenses with oral argument because it would not

---

[1] Even if the Court could find proper subject matter jurisdiction, the fact that there is a strikingly similar parallel state proceeding in Richmond Circuit Court, Case No. CL09-2757, strongly suggests that principles of comity and federalism would preclude this Court's exercise of jurisdiction over this matter.

assist in the decisional process, as neither party has shown that they are prepared to address the relevant threshold issues.

## I. BACKGROUND

The Plaintiffs, Ancient Egyptian Arabic Order Nobles Mystic Shrine of North and South America and its Jurisdiction, Inc. ("the Shrine") and the Shrine's "Imperial Potentate," Oliver Washington, Jr. ("Mr. Washington"), filed their Amended Complaint on September 14, 2009, naming as defendants, (1) the Most Worshipful Prince Hall Grand Lodge of Virginia, Free and Accepted Masons, Inc. ("the Lodge"), (2) Larry D. Christian, individually, and as member, agent, and Most Worshipful Grand Master of the Lodge ("Mr. Christian"), (3) the Grand Chapter Order of the Eastern Star of Virginia Prince Hall Affiliation ("OES"), (4) Cecelia R. Irby, individually, and as member, agent, and Grand Worthy Matron of OES ("Ms. Irby"), (5) John Does, individually, and as members and agents of the Lodge, and (6) Jane Does, individually, and as members and agents of OES. The two-count Amended Complaint alleges (1) tortious interference with property rights and (2) violation of Virginia Code § 18.2-499(A) & (B) and § 18.2-500. The Plaintiffs seek declaratory and injunctive relief and an award of both compensatory and punitive damages.

The Plaintiffs purported to invoke federal subject matter jurisdiction under the provisions of 28 U.S.C. § 1332. Under that statutory provision, federal district courts have original jurisdiction over a case if the case involves citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 (West 2009). The complete diversity rule of § 1332 requires that the citizenship of each plaintiff be different from the citizenship of each defendant. *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999) (citing *Owen Equip.*

*& Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978)). In determining whether diversity jurisdiction exists, § 1332 is to be strictly construed. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

The Plaintiffs allege their own citizenship as follows: (1) the Shrine is a citizen of the District of Columbia and Tennessee because it is a voluntary charitable and fraternal society incorporated in the District of Columbia with its principal place of business in Tennessee; and (2) Mr. Washington is a citizen of Alabama. The Plaintiffs allege the Defendants' citizenship as follows: (1) the Lodge is a citizen of Virginia because it is a non-stock corporation incorporated in Virginia with its "principal office" and principal place of business in Virginia; (2) Mr. Christian is a citizen of Virginia; (3) OES is a citizen of Virginia because it is an unincorporated association with its "principal office" and principal place of business in Virginia; and (4) Ms. Irby is a citizen of Virginia. The plaintiffs do not allege the citizenship of either the John Doe or the Jane Doe defendants.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal of a claim when the court lacks subject matter jurisdiction over the action. *A.W. ex rel. Wilson v. Fairfax County Sch. Bd.*, 548 F. Supp. 2d 219, 221 (E.D. Va. 2008). Under Rule 12(b)(1), the plaintiff bears the burden of proving that jurisdiction exists in federal court. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). The Court should grant a Rule 12(b)(1) motion if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1999). In making its decision, the Court must determine whether the Plaintiffs' allegations, standing alone

and taken as true, pleaded jurisdiction and a meritorious cause of action. *Dickey v. Greene*, 729 F.2d 957, 958 (4th Cir. 1999).

### III. ANALYSIS

The Plaintiffs' Amended Complaint is deficient in alleging diversity of citizenship in at least three ways.[2] First, OES is an unincorporated association. For diversity purposes, an unincorporated association is a citizen of every state in which each of the association's members are citizens. *In re A.H. Robins Co., Inc.*, 197 B.R. 575, 577 (E.D. Va.1995) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990)). The Plaintiffs, however, do not allege the citizenship of any of the association's members.[3] Instead, the Plaintiffs allege that OES is a citizen of Virginia because its

---

[2]The Plaintiffs only narrowly avoid a fourth deficiency in alleging diversity of citizenship. The Plaintiffs allege that "*[v]enue* is proper in this District and Division because [the Lodge and OES] maintain their principal places of business in the City of Richmond, Virginia." Pls.' Am. Compl. ¶ 1 (emphasis added). Yet, in the section of the Amended Complaint that describes the parties and appears to operate to allege the citizenship of each party, the Plaintiffs allege that the Lodge is incorporated in Virginia and maintains its "principal office" in Richmond, Virginia. The Lodge is a nonstock Virginia corporation. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1) (West 2009). If the Plaintiffs allege that the Lodge is a citizen of Virginia because it is incorporated in Virginia and its "principal office" is located in Virginia, then their Amended Complaint inadequately alleges diversity jurisdiction. "There is a fundamental difference . . . between a corporation's *principal office* within a state and its *principal place of business* for purposes of 28 U.S.C. § 1332." *Trans/Air Mfg. Corp. v. Merson*, 524 F. Supp. 2d 718, 723 (D. Md. 2007) (emphasis added). By declaring in its corporate charter, tax filings, or other documents that a company's "principal office" within the Commonwealth of Virginia is located in Richmond, Virginia, a corporation does not represent that its principal place of business is also located in Richmond, Virginia. *See id.* For the purposes of this motion to dismiss, however, the Court will construe the Plaintiffs' allegation as to proper venue as also controlling its allegations of proper diversity jurisdiction. Therefore, the Court construes the Plaintiffs' Amended Complaint as alleging that the Lodge is a citizen of Virginia because it is incorporated in Virginia and maintains its *principal place of business* in Virginia. Such an allegation is adequate to satisfy the Plaintiffs' burden in proving the Lodge's citizenship for diversity purposes.

[3]The Plaintiffs allege the citizenship of one OES member, Ms. Irby, but only when alleging her citizenship as a separate defendant. The Plaintiffs do not allege the citizenship of any of the

4

"principal office" and principal place of business are in Virginia.[4] Accordingly, the Plaintiffs have failed to adequately allege diversity jurisdiction.

Second, the Plaintiffs named as defendants certain John Does who are or were agents, officers and representatives of the Lodge. District courts sitting in diversity are suspicious of John Doe defendants out of unease over whether plaintiffs purposely named John Does to avoid naming known defendants who would stand to destroy diversity. "Sound authority supports the general proposition that the 'John Doe' practice is unwarranted in diversity cases." *Johnson v. Gen. Motors Corp.*, 242 F. Supp. 778, 779 (E.D. Va. 1965). While the Plaintiffs' naming of John Doe defendants does not destroy diversity jurisdiction automatically, the Plaintiffs must at least show that the John Doe defendants are citizens of states other than the Plaintiffs' states of citizenship. *See Ward v. Connor*, 495 F. Supp. 434, 438 (E.D. Va. 1980), *rev'd on other grounds*, 657 F.2d 45 (4th Cir. 1981). Indeed, the Plaintiffs "must establish the citizenship of the various John Doe defendants." *Sandler v. W. State Hosp.*, No. Civ. A. 5:02CV00107, 2003 WL 22722870, at *3 (W.D. Va. Nov. 18, 2003) (granting motion to dismiss John Doe defendants in a diversity case because the plaintiff "fail[ed] to provide the court with any basis for determining the citizenship or identity of the John Does."). Therefore, "the action is subject to dismissal unless the John Does are eliminated or their citizenship affirmatively alleged." *Johnson*, 242 F. Supp. at 779. Therefore, as the Plaintiffs have

---

members of OES in its paragraph addressing the citizenship of OES, Pls.' Am. Compl. ¶ 7, and even construing the Plaintiffs' allegation of Ms. Irby's citizenship later as an allegation of the citizenship of one of the members of OES for the purpose of determining OES's citizenship, the Plaintiffs still fail to meet their burden of alleging the citizenship of *all* of the members of OES.

[4]Again, as explained in Footnote 2, *supra*, the Court construes the Plaintiffs' allegation that venue is proper because OES maintains its principal place of business in Richmond, Virginia as also alleging, in part, that OES is a citizen of Virginia for diversity purposes because it maintains its principal place of business in Virginia.

not affirmatively alleged the citizenship of the John Doe defendants, they have not adequately alleged diversity jurisdiction.

Third, the plaintiffs named as defendants certain Jane Does who are or were agents, officers and representatives of OES. For precisely the same reasons explained above as to the John Doe defendants, an action is subject to dismissal unless the Jane Does are eliminated or their citizenship is affirmatively alleged. Therefore, as the plaintiffs have not affirmatively alleged the citizenship of the Jane Doe defendants, they have not adequately alleged diversity jurisdiction.

## IV. CONCLUSION

The parties do not dispute the material jurisdictional facts, and the Court finds that the Plaintiffs' allegations, standing alone and taken as true, did not plead jurisdiction adequately. Therefore, strictly construing the provisions of § 1332, the Plaintiffs have not met their burden of proving that jurisdiction exists in federal court, and the defendants are entitled to prevail as a matter of law. For the foregoing reasons, the Court will grant the defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. An appropriate Order shall issue.


November 19, 2009                              /s/
DATE                           RICHARD L. WILLIAMS
                               SENIOR UNITED STATES DISTRICT JUDGE